## SHEFTS v. KING.

No. 12853—Opinion Filed July 1, 1924.

Rehearing Denied Sept. 16, 1924.

1. **Parties—Party Plaintiff—Objection—Necessity for Pleading Defense.**

In an action for damages to an automobile and for personal injuries alleged to have been caused by the negligence of the defendant, the defense that the plaintiff is not the real party in interest by reason of having been fully compensated by the payment of insurance policies carried by the plaintiff, is an affirmative defense if a defense at all, and not available to the defendant unless specially pleaded.

2. **Damages from Automobile Collision—Instructions—Sufficiency.**

The instructions, considered as a whole, fairly submitted the issues to the jury.

(Syllabus by Ray, C.)
Commissioners' Opinion, Division No. 1.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by Frances King against H. B. Shefts. Judgment for plaintiff, and defendant appeals. Affirmed.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for plaintiff in error.

O. H. Searcy, John M. Gidney, and S. E. Gidney, for defendant in error.

Opinion by RAY, C. This controversy grew out of a collision between an automobile driven by the plaintiff and a loaded motor truck driven by an employe of the defendant. Plaintiff commenced action for damages to the automobile, the loss of its use, and for personal injuries suffered in the

collision alleged to have been caused by the negligence of the driver of the truck. The defendant denied the allegations of the petition and by way of cross-petition sought to recover damages for injuries to the truck alleged to have been caused by the negligence of the plaintiff. The verdict was for plaintiff in the sum of $2,000, and judgment was entered thereon, from which the defendant has appealed. No contention is made that the verdict was excessive or that it was not sustained by the evidence. Error is predicated upon the exclusion by the court of the defense, tendered by defendant, that by reason of the payment of insurance policies the plaintiff had been fully compensated for all detriment suffered. That part of the defendant's answer under which it was sought to prove that the plaintiff had been fully compensated is as follows:

"The defendant specifically denies that the car driven by the plaintiff was owned by her and denies that she is the real party in interest in this case. * * *"

It is contended that the denial was, in effect, an allegation that the plaintiff was not the real party in interest. We think, by the language used, the defendant sought to put in issue the ownership of the car. The plaintiff sought to recover for damages to her car. The defendant denied that she was the owner, and denied that she was the real party in interest. The clear meaning of the language is that the defendant denied that the plaintiff was the real party in interest for the reason that she was not the owner of the car. If the defendant desired to make such affirmative defense it should have been pleaded so that the plaintiff could be advised as to the nature of the defense. The general rule is that special matters of defense should be specially pleaded.

"* * * Affirmative defenses are required to be specially pleaded, being new matter within the meaning of that term. The reason for this rule is that such defenses are not embraced within the ordinary scope of a denial of the material averments of the complaint, and hence it is that a plea of such defenses is necessary to advise the opposing party as to the nature and scope of the defense." 21 R. C. L. 568.

It is contended that the court in giving instructions Nos. 3, 4, 5, and 6, unduly emphasized the alleged negligence of the truck driver, the alleged defects in the truck, and the reasonable care required of the owner to have the brake in proper working order, without applying the same rules of law to the plaintiff. After a careful consideration of the instructions, we are unable to reach that conclusion. Issues were joined on the allegations of the plaintiff's petition wherein it was alleged that the detriment suffered by plaintiff was caused by the negligence of the driver of the truck. Issues were also joined on defendant's cross-petition wherein it was alleged that the injuries to the truck were caused by the negligence of the plaintiff. Evidence was adduced by the parties in support of their respective claims and defenses. The court first instructed the jury as to the law applicable to plaintiff's cause of action and the defendant's defense thereto, and then instructed as to the law applicable to the defendant's cause of action against the plaintiff and the plaintiff's defense thereto. The instructions complained of are the instructions given and applicable to the former, and no objections are made to those instructions given and applicable to the latter.

Instruction No. 3, particularly complained of, is as follows:

"You are further instructed that it is the duty of the one operating a motor truck upon the public highway to use reasonable care to have the brakes thereof in proper working order, and a failure so to do is negligence for which the owner is liable if injury results as a proximate result thereof, to another in the exercise of due care for her own safety."

The objection urged to this instruction is that it referred to the motor truck only and the reasonable care required of the defendant in its operation and did not refer to the automobile of the plaintiff or the reasonable care required upon her part. It is contended that if the word "vehicle" had been substituted for "truck" in the second line, and the word "their" substituted for the word "her" in the last line, the instruction would have been correct. It is not contended that the law was incorrectly stated in these particulars, but the complaint is that it was not pointed out to the jury in the same instruction that the same reasonable care was required of the plaintiff in the operation of her automobile that was required of the defendant in the operation of the truck. While different language was used in instructing upon the two issues, no prejudicial error is pointed out. This was, in effect, the trial of two law suits upon the same evidence, but upon separate issues joined one upon plaintiff's petition and the other upon defendant's cross-petition. The court first instructed the jury upon the plaintiff's case against the defendant and

then upon. defendant's case against the plaintiff; and the fact that by the use of different language in the instructions in the two cases it can be made to appear. theoretically, that a greater degree of care was required of the driver of the truck in the one case than was required of the driver of the automobile in the other case, is not sufficient grounds for reversal, where it is not made to appear that the jury were misdirected as to the law either in the one case or the other.

That part of instruction No. 8, complained of is as follows:

"You are further instructed that in the event you find a verdict for the plaintiff under the evidence and the instructions of the court you should award her such damages as will reasonably compensate her for the detriment and damage which she has sustained, if any, as the proximate result of the negligence, if any, alleged in plaintiff's petition."

This is the first part of the instruction as to the measure of damages. It is contended that by the use of the last four words, "alleged in plaintiff's petition," the jury were instructed to return their verdict upon the allegation of plaintiff's petition and not upon the evidence, but we think the jury could not have been misled in that particular. The only argument advanced in support of this contention is, "We contend that plaintiff was entitled to recover not on account of the negligence alleged in plaintiff's petition, but if at all, on account of any negligence proven in the case." In this they are unquestionably correct. But were the jury authorized by the language used to return their verdict on account of negligence not proved by the evidence? We think not. That part of the instruction quoted was preliminary to an instruction as to the proper measure of damages "in the event you find a verdict for the plaintiff under the evidence and instructions of the court." We think by this instruction, considered with the other instructions, the jury were properly instructed that their verdict should rest upon the evidence adduced upon the trial.

Considering the instructions as a whole we think the issues were fairly submitted to the jury. The judgment should be affirmed.

By the Court: It is so ordered.