[No. 31377.   Department Two.   November 14, 1950.]

FRANCES WATSON, *Appellant*, v. NORTHERN PACIFIC
RAILROAD COMPANY, *Respondent.*[1]

*Kahin, Carmody & Horswill,* for appellant.

*Dean H. Eastman* and *Roscoe Krier,* for respondent.

MALLERY, J.—This action arose out of a collision between an automobile, in which the plaintiff was riding as a guest, and a switch engine of the defendant railroad.  The accident occurred at 1:55 a.m., on August 9, 1947, at the intersection of Alaskan way, in the city of Seattle, and the spur track to the Albers Milling Company.  Alaskan way is thirty-nine feet in width.  The intersection is not lighted, but street lights are suspended over points on the highway about two

[1]Reported in 223 P. (2d) 1057.

hundred fifty feet north and south of the intersection. There are no railroad crossing signs at the tracks, and none are required by city ordinance or state law. A building abuts on the west sidewalk, which is about fourteen feet wide.

Prior to the accident, the engine had stopped behind this building, which hid it from southbound traffic. It became necessary for the engine to cross the street, so the flagman took his position in the street, a backup signal was given, the engine's backup light was turned on, two blasts of the horn were given, and the engine bell commenced ringing. The engine backed out into the street at approximately five miles per hour. The flagman, meanwhile, was swinging a lantern which was visible from either direction, although he was facing south. Northbound cars slowed down and came to a stop. The flagman then noticed the car, in which plaintiff was riding, approaching from the north. He turned to face the oncoming car. He was then off the highway on its east margin. The car continued on its course until it struck the leading end of the engine. At the moment of impact the engine was just past the center line of the highway. The engine stopped within a foot thereafter. The left front wheel of the car was, also, just over the highway center line. The plaintiff was injured in the accident and brought this action.

A trial to a jury resulted in a verdict for the plaintiff. The defendant's motion for a judgment n. o. v. was granted on the grounds that there was no evidence of negligence on the part of the defendant, and that the negligence of the driver of the car was the sole proximate cause of the injury. The plaintiff appeals.

■ The negligence of the driver of the car, if any, is not imputable to the appellant, in view of her status as a guest in the automobile. 38 Am. Jur. 933, Negligence, § 244. No statute or city ordinance having been violated, the respondent was not guilty of negligence *per se*. We are concerned, therefore, solely with the question of whether or not the respondent was guilty of any negligence which was a proxi-

mate cause of the injury. This was a dangerous crossing, and that fact imposed upon the respondent a burden of care to safeguard users of the highway against injury by making provision for adequate warning when its engine crossed the highway. The measures it took to do this were sufficient, as a matter of law.

Assuming that this crossing was extrahazardous, it still did not constitute a trap within the purview of the cases cited by appellant upon that theory.

■■ When the respondent, by its flagman, took appropriate measures to warn travelers on the highway, it discharged its duty of care toward them. *Tonning v. Northern Pac. R. Co.*, 180 Wash. 374, 39 P. (2d) 1002. We are concerned, in such cases, with the adequacy of the warning given, not with whether a traveler on the highway was aware of the warning. He ought to be aware of an adequate warning. We have repeatedly said that one cannot be heard to say that he did not see that which, without dispute in the evidence, was there to be seen had he looked. *Silverstein v. Adams*, 134 Wash. 430, 235 Pac. 784.

The trial court was correct in granting a judgment n. o. v.

■ We think it is unnecessary to discuss appellant's assignments of error touching her requested instructions. Where there is insufficient evidence to take a case to the jury on the question of defendant's negligence, the instructions, given or refused, are of no concern. *Sellman v. Hess,* 15 Wn. (2d) 310, 130 P. (2d) 688.

The judgment is affirmed.

ROBINSON, SCHWELLENBACH, GRADY, and HAMLEY, JJ., concur.