Lorene CLARK, Plaintiff In Error,

v.

Mrs. W. E. WOOLLEY, Defendant In Error.

No. 38742.

Supreme Court of Oklahoma.

Sept. 27, 1960.

865

Brown & Garrison, Tulsa, for plaintiff in error.

Foliart, Hunt & Shepherd, Oklahoma City, for defendant in error.

BLACKBIRD, Justice.

This appeal involves an action for damages for personal injuries allegedly resulting from a collision between a Chevrolet Sedan driven by plaintiff in error, hereinafter referred to as "plaintiff", and a Buick Sedan driven by defendant in error, hereinafter referred to as "defendant", at or near the intersection of 31st Street and Lewis Avenue in the City of Tulsa, on the night of September 14, 1957.

When the accident occurred plaintiff, a Jenks, Oklahoma, resident, was en route to Tulsa's St. John's Hospital, where she, and the other Jenks women riding in her car, were employed as Nurse's Aids, and scheduled to go on duty at said hospital at 11:00 p. m. It was raining that night; plaintiff's car was traveling north on Lewis Avenue; and (according to the testimony on her behalf) she had stopped her car in obedience to a red traffic light, at the intersection of that Avenue with 31st Street, which latter extends east and west across Lewis Avenue, at right angles to it. After the traffic light turned green she continued north across, and a few feet beyond, the intersection;

and defendant's car, going in the same direction (having turned right, after entering said intersection from the East, off of 31st Street), hooked the left end of its rear bumper and left rear fender between the right front wheel and fender of plaintiff's car. After plaintiff and defendant succeeded in getting the two described "corners" of their cars "unhooked", both cars were driven away to their respective destinations.

When plaintiff instituted the present action approximately three months after the accident, she alleged, in substance, that defendant's car struck hers; that the collision was caused by defendant's car running "directly into the path of hers, striking it

"with such force and violence that * * * plaintiff was thrown violently forward, causing her severe injuries and to become sick, sore, lame and disabled. That the muscle ligaments and nerves and tendons of her neck were broken, twisted and ruptured and thrown out of alignment and that as a result of which she became incapacitated and from that time to this unable to continue with her employment and her hospital work."

In the first "Count" of her petition, plaintiff alleged, inter alia, that when the accident occurred, defendant was intoxicated, and that, as a result thereof, she did not have proper control over her vehicle and was driving it in violation of Tulsa's "reckless driving" ordinance.

In its prayer for actual damages in an alleged total of $30,000, plaintiff's petition included certain described medical and hospital expenses already incurred, as well as $1,000 for anticipated future medical expenses, and an unspecified sum for permanent disability, loss of earning, pain and suffering.

In "Count Two" of her petition, plaintiff alleged that by reason of defendant's operating her vehicle "in a wanton and grossly negligent manner, with total disregard" for plaintiff's life and safety, plaintiff was entitled to the sum of $5,000 as exemplary damages.

Defendant's answer denied all allegations of plaintiff's petition, except those specifically admitted; specifically denied that the accident was caused by any negligence on her part; and alleged that, instead, it was caused by plaintiff's negligence in various described particulars.

At the trial, the only other occupant of plaintiff's car, who testified as a witness on her behalf, was her sister-in-law, Mrs. Flora Clark. The other two Nurse's Aids, riding in plaintiff's car at the time of the collision, a Mrs. Kennedy and a Mrs. Byard, both testified as witnesses for the defendant.

As to defendant's alleged intoxication, Mrs. Flora Clark and plaintiff gave testimony contemplated to support said allegation, while defendant and her witnesses gave testimony contemplated not only to negate it, but also to cast doubt as to whether the accident (characterized in both the plaintiff's and defendant's evidence as a "minor" one) was the cause of plaintiff's claimed injuries.

As to the latter issue, it was undisputed that plaintiff reported to work at the hospital after the accident. She admitted that she didn't experience any pain at that time, but testified that she seemed "to have a crick" in her neck and that she had a "near nervous chill" in the hospital's cafeteria immediately previous to commencing work. She further testified, however, that she didn't do much work and that "shortly after midnight, it might have been 1:00. * * * I went down to emergency. * * *", where Dr. B, then on duty there, examined her neck, suggested taking, and did take, X-ray pictures. She further testified that she procured no further medical attention until the following Tuesday afternoon (the second day after the accident) when she contacted her family physician in Broken Arrow, a Dr. F, who examined her and put her in the Broken Arrow Hospital, "in traction", where she remained for two or three, out of every twenty-four hours, until she was released on October 8th. Plaintiff gave further testimony concerning subsequent hospitalization, as well as subsequent treatment, both by Dr. F and by a Dr. A,

she referred to as a "neurosurgeon". Plaintiff never mentioned any diagnosis of her condition, however, nor did she offer testimony from either of her physicians, or any other medical expert, purporting to show the nature and extent of any physical detriment she had suffered, or injuries from which she was suffering, if any, or the cause, or causes, thereof.

At the close of plaintiff's evidence, defendant interposed three demurrers to it: One, on the stated ground that it failed to establish plaintiff's alleged cause of action against defendant; another on the more specific, or special, ground that her evidence failed to show any causal connection between the accident and the medical expenses sued for; and a third, which challenged the sufficiency of plaintiff's evidence to establish any cause of action for the exemplary damages sought under her petition's "Count Two". The court sustained the last described demurrer, took the second described one under advisement, and overruled the first.

At the close of the evidence, the court again considered and overruled the defendant's demurrer as to the absence of proof of causal connection between the accident and her medical expenses, refused to give the jury three instructions requested by plaintiff, and submitted the cause to the jury under a set of instructions conforming generally to those routinely given in cases of alleged negligence. The jury returned a verdict for defendant, judgment was rendered accordingly, and plaintiff perfected the present appeal.

The two propositions plaintiff urges for reversal both deal with the trial court's alleged failure to properly instruct the jury on the issues of defendant's claimed intoxication, and swerving her Buick automobile over into plaintiff's lane of traffic so close in front of plaintiff's Chevrolet as to cause the hereinbefore described hooking and entanglement. Under her Proposition I, plaintiff predicates these alleged errors on the trial court's duty to properly instruct the jury on its own motion. Under her

Proposition II such errors are predicated on the court's refusal to give the three instructions she requested, as aforesaid.

■ The second of these instructions was requested for the jury's guidance in assessing the exemplary damages sought under "Count Two" of plaintiff's petition. The trial court's refusal to give this instruction was not error, as the issue of plaintiff's recovery of exemplary damages had already been taken out of the case by its hereinbefore described sustaining of defendant's demurrer to the evidence as to that issue; and we do not consider that either of plaintiff's propositions, as stated, challenges the correctness of the latter ruling, or places it before us for review herein. In so holding, we follow the same principle applied in Tillery v. Ellison, Okl., 345 P.2d 434, 435, 439, that the trial court "commits no error in refusing to instruct on an issue, or theory, that has been taken out of the case."

Plaintiff's counsel says, however: "At least plaintiff was entitled to an instruction. * * *" on whether defendant's "* * * intoxication constituted ordinary negligence", (which was included among the other facts alleged in plaintiff's first count). Plaintiff's third requested instruction concerned this subject. The first of such requested instructions quoted certain rules of the road put into force by statute in this State, and would have told the jury that, if they found defendant had violated them, she was guilty of negligence per se, and, if they further found that said negligence was the proximate cause of plaintiff's injuries, then their verdict must be for her in an amount not exceeding the $30,000 (sought under plaintiff's first Count).

■ It is a well established rule of appellate review in this jurisdiction that a judgment in accord with a verdict will not be reversed for alleged errors in the giving or refusal of instructions "if the verdict is manifestly right, or if it appears from the evidence that no other verdict should have been properly returned by the jury under instructions entirely correct." Cosden Pipe

Line Co. v. Berry, 87 Okl. 237, 210 P. 141, 142. All of plaintiff's claimed injuries were subjective in character. Her claimed recoverable physical detriment and disabilities, were not such as would be plainly apparent from objective symptoms, or would necessarily arise out of an accident such as the one involved, or result from the "jolt" or "shaking up" that she claimed to have received in it. All the symptoms and evidence of disability mentioned in her testimony, such as headaches, a crick in her neck, "near nervous chill", etc., were either subjective in character, or occurred at a time when they could not be exhibited to the jury. In this connection, notice the discussion in Edwards v. Chandler, Okl., 308 P.2d 295. Nor were they such as to constitute proof possessing sufficient probative value that she suffered some physical detriment due solely to an occurrence which the evidence characterizes as a "minor" accident. We think it is obvious that the injuries plaintiff alleged she received in said accident are such as to require expert medical testimony to determine their cause, nature and extent. Since plaintiff introduced no such medical evidence, she failed to prove they were proximately caused by the automobile accident. See Cushing Coca-Cola Bottling Co. v. Francis, 206 Okl. 553, 245 P.2d 84, and other cases cited in 6 Okl. Dig., under "Damages", ⊙ 185(1). Without such proof, the trial court would have been warranted in sustaining all of defendant's demurrers. Accordingly, the trial judge's refusal to instruct the jury as plaintiff contends he should have, if error, is insufficient ground for reversal. See Watson v. Northern Pac. R. Co., 37 Wash.2d 374, 223 P.2d 1057, and other cases cited in 5A C.J.S. Appeal and Error § 1774, p. 1274, Notes 37.5 and 37.10.

In view of the foregoing, the judgment of the trial court is hereby affirmed.

WELCH, HALLEY, IRWIN and BERRY, JJ., concur.

WILLIAMS, V. C. J., and JOHNSON and JACKSON, JJ., dissent.