Bonnie Aline BRYAN, Plaintiff in Error,

v.

Benjamin H. HOUGH, Defendant in Error.

No. 39192.

Supreme Court of Oklahoma.

Sept. 26, 1961.

Baker & Baker, Tulsa, for plaintiff in error.

Sanders & McElroy, by Lawrence Johnson, Tulsa, for defendant in error.

DAVISON, Justice.

This is an appeal by Bonnie Aline Bryan (defendant below) from a judgment on a directed verdict in favor of Benjamin H. Hough (plaintiff below) in an action for personal injuries and property damage arising out of an automobile collision. The parties will be referred to as they appeared in the lower court.

Plaintiff alleged in his petition that on October 31, 1958, at about 12:35 p. m., he was traveling on a county highway when he observed defendant approaching in her car from the opposite direction on a curve in the highway, that defendant negligently drove her car across the center line of the road and collided with plaintiff's car at the south edge of the roadway. Plaintiff prayed for recovery of damage to his car in the sum of $473.34, medical expense $60 and pain and impairment of movement in his right arm for which he asked the additional sum of $500 damages, or a total of $1033.34.

Defendant answered by general denial, specific denial of negligence, plea of contributory negligence by plaintiff, and unavoidable accident.

At the trial plaintiff testified, as alleged in the petition, as to the position of the cars when approaching each other, it was misty, that defendant's car crossed the center of the blacktop highway, that plaintiff slowed to 20 or 25 miles per hour and started turning to the right and into the bar ditch and was stopped, that the front of defendant's car then struck the plaintiff's car at the left front light. Defendant testified she was driving around the curve and that her car slipped off the pavement to the right, that she lost control, and in turning back "pulled across the line a little bit", and further that she did not see plaintiff "until after we hit". Defendant's initial testimony was contradictory as to the location of the collision, but ended with an admission that she did not know on what side of the road the collision took place. Defendant further testified her car came to rest on the "lefthand side in the ditch" and that plaintiff's car was on the blacktop.

Its location on the blacktop was not described. Other testimony will be set forth in connection with our disposition of the propositions raised by defendant.

Defendant's demurrer to plaintiff's evidence was overruled. At the close of all evidence defendant renewed her demurrer and moved for a directed verdict. Plaintiff also moved for a directed verdict. The trial court sustained the motion of plaintiff and stated or instructed the jury to return a verdict for not more than $974.00, because plaintiff had failed to prove the alleged medical expense of $60.00; that the item of $473.34 for car damage was uncontroverted and covered by stipulation; and further that:

"* * * the only thing you are going to have to determine is whether the plaintiff is entitled to recover for pain and suffering. They have prayed for $500.00 in that regard."

Defendant objected and took exceptions to all of said action by the trial court. The jury retired and returned a verdict for plaintiff for $988.34. The trial court changed the verdict to read $974.

Defendant has appealed to this court from the verdict and judgment rendered thereon.

The defendant urges that the trial court erred in sustaining the motion of plaintiff for a directed verdict. In support of this contention defendant argues that there is conflicting evidence and that there is evidence of contributory negligence on the part of plaintiff.

In City of Enid v. Reeser, Okl., 355 P.2d 407, 410, we stated:

"In passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court should consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences reasonably to be drawn therefrom, and should disregard all conflicting evidence favorable to the demurrant or movant."

■ From the evidence above related and from our examination of the entire record as tested by the above statement of law we cannot agree with defendant's contention. Defendant admitted she crossed the center line and did not see plaintiff until after the collision and that she could not state on which side of the road the collision took place. Plaintiff testified defendant crossed the center line and that the collision took place on plaintiff's side of the road. There is no conflict in this evidence. This established defendant's negligence and liability for plaintiff's damages. Nor do we find evidence of contributory negligence on the part of the plaintiff.

■ Defendant argues further in support of the above proposition that plaintiff failed to sufficiently prove damages to plaintiff's car. Relative to this item of damage plaintiff testified that his car was damaged as a result of the accident and that he had to pay a repair bill of $473.34. It was stipulated that the car mechanic would testify that the damage to the car was $473.34 and that this was reasonable and necessary. No contrary evidence was produced by defendant. We consider this sufficient to satisfy the standard of proof of damages in such cases as set forth in City of Oklahoma City v. Wilcoxson, 173 Okl. 433, 48 P.2d 1039, namely: (1) The necessity for repairs as a result of the injury; (2) that the repairs made were reasonably proper to be made; and (3) that the cost thereof was reasonable.

It is our opinion that the action of the trial court in directing a verdict for plaintiff for damages to the car was correct.

Defendant also urges the trial court erred in sustaining plaintiff's motion for directed verdict and leaving to the jury's determination the amount of plaintiff's damages for pain and suffering.

■ Plaintiff's testimony was that his right arm was hurt and after the collision his arms swelled and that he had pain in his right arm when he used it, but was not impaired by the arm. He testified he was 68 and was retired and had arthritis in the

small of his back and hips. There was no testimony that plaintiff was jolted, shaken or wrenched or that he suffered any bruise, cut or contusion. The record does not reflect that plaintiff exhibited his arms to the jury. Plaintiff used a heat pad the night night following the accident and took "pain pills" and had an x-ray made of his arm. He did not produce or offer the x-ray or any testimony of a physician, or any other medical expert to show any physical injury from which he was suffering, if any, or the cause thereof, or that the pain complained of was the result of any injury.

With this state of the record the claim of plaintiff that his condition was proximately caused by the collision is based, at the most, upon conjecture. From all of the evidence it is apparent that any disability and the claimed pain and suffering are not discernable from objective symptoms but are subjective in nature. Under this evidence it is obvious that the injuries claimed by plaintiff were such as to require expert medical testimony to determine their cause, nature and extent. Since plaintiff introduced no such medical evidence, he failed to prove his condition was proximately caused by the collision. See Clark v. Woolley, Okl., 355 P.2d 864, 868. Without such proof the trial court should have sustained defendant's demurrer to plaintiff's evidence in support of his action for injury and consequent pain and suffering. Consequently, the trial court erred in sustaining plaintiff's motion for directed verdict as to this item of damage and should have denied recovery.

Defendant also contends the trial court erred in refusing her offer of evidence to prove plaintiff had no interest in the property damage to his car. This alleged offer of evidence arose in connection with cross-examination of plaintiff by defendant's attorney. The trial court sustained an objection to this cross-examination. Defendant contends that if permitted to continue this examination the testimony elicited would have shown that plaintiff had been paid in full, by plaintiff's insurance company, for all damages to his car.

Defendant's contention in effect is that plaintiff was not the real party in interest to maintain the action for the car damage. The answer of defendant does not set forth any such defense.

In an action for damages to an automobile alleged to have been caused by the negligence of the defendant, the defense that the plaintiff is not the real party in interest by reason of having been fully compensated by the payment of insurance policies carried by the plaintiff, is an affirmative defense, if a defense at all, and not available to the defendant unless specially pleaded. Shefts v. King, 100 Okl. 153, 228 P. 961. See also Marten v. Credit Adjustment Service, Inc., Okl., 349 P.2d 742. The trial court did not err in sustaining plaintiff's objection to this course of examination.

The judgment is affirmed in the amount of $473.34 and reversed as to the amount given for pain and suffering. Costs of appeal to be divided equally between the parties. It is so ordered.