Jewell Dean HOWARD, Plaintiff in Error,

v.

John MANSELL, Defendant in Error.

No. 40912.

Supreme Court of Oklahoma.

July 5, 1967.

Covington & Gibbon, by A. M. Covington, Tulsa, for plaintiff in error.

Tony Jack Lyons, Pryor, for defendant in error.

## PER CURIAM:

Defendant in error, plaintiff below, John Mansell, instituted this action in the trial court, seeking damages for loss of services, society and companionship of his wife and damages to his automobile occasioned by the allegedly negligent acts of the defendant in the operation of her motor vehicle. For convenience, the parties will hereinafter be referred to as they appeared in the trial court. Plaintiff was awarded damages on his first cause of action in the sum of $2000.00 for loss of such services, etc., and on his second cause of action for damages to his automobile in the sum of $226.77. Plaintiff confesses in his brief that the evidence is insufficient to sustain his second cause of action, and the same will not be considered further at this point.

Defendant contends that the evidence offered on behalf of the plaintiff is insufficient to support a verdict for loss of such services etc., in favor of the plaintiff. At the trial, the only evidence offered on behalf of the plaintiff tending to prove injury to the plaintiff's wife, and its effect upon her consisted of his testimony and that of his two minor children. Briefly summarized, this evidence revealed that after the accident complained of, plaintiff's wife was hospitalized for a short period of time, consulted with physicians, wore a type of neck collar or neck brace, and did not perform all her normal duties as a wife and mother that she had performed prior to the accident. The plaintiff's wife did not testify, nor did any expert medical witness appear on behalf of plaintiff. At the close of plaintiff's evidence, defendant interposed her demurrer which was overruled by the court. Defendant elected to stand upon her demurrer and the cause was submitted to the jury.

The defendant's contention that the evidence is insufficient to support a verdict for loss of services etc. in favor of plaintiff for the reason that plaintiff had failed to prove by expert medical testimony that the injuries from which his wife was suffering existed, and were caused by the accident complained of, must be sustained. From plaintiff's petition and from the evidence offered, it would appear that his wife was allegedly suffering from injuries which were not apparent or obvious to a layman. The injuries not being obvious to a person uneducated in medicine, the cause and extent of same thus become a question of science. This court has long adhered to the rule, in personal injury actions, that where the injuries are of such a character as to require skilled and professional men to determine the cause and extent thereof, the question is one of science, and must necessarily be determined from the testimony of skilled professional persons, and cannot be determined from the testimony of unskilled witnesses having no scientific knowledge of such injuries. Bryan v. Hough, Okl., 365 P.2d 124.

A husband may recover compensation for loss of services, society, and companionship of his wife due to the negligence of another, in an action brought by him for that purpose, Aderhold v. Stewart, 172 Okl. 77, 46 P.2d 346, by first proving by competent, legal evidence the nature and extent of his wife's injuries. See Ruland v. Zenith Construction Company, Okl., 283 P.2d 540. This is true for the reason the extent of his damages is measured, in part, by the effect of the wife's injuries upon

her ability to render the very services which the husband claims to have lost.

This cause is accordingly reversed and remanded to the trial court with directions to grant a new trial.

DAVISON, WILLIAMS, BERRY, HODGES and McINERNEY, JJ., concur.

JACKSON, C. J., IRWIN, V. C. J., and BLACKBIRD and LAVENDER, JJ., dissent.

The Court acknowledges the services of Donald R. Hackler, who with the aid and counsel of Meredith E. Hardgrave and Joe Stamper as Special Masters, prepared a preliminary advisory opinion. These attorneys had been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to WILLIAMS, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.