**George C. GODFREY, III, Appellant,**

v.

**William James MEYER and
the Continental Insurance
Company, Appellees.**

No. 85799.

Court of Appeals of Oklahoma,
Division No. 3.

Oct. 11, 1996.

Certiorari Denied Feb. 4, 1997.

David Little, Oklahoma City, for Appellant.

David B. Donchin, Oklahoma City, for Appellees.

### MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

In this negligence/personal injury action one issue is presented on appeal. Where plaintiff's injuries are subjective, must a medical expert establish the causal link between the accident and the injuries? In this case no such expert testimony was required.

Appellant/plaintiff had a motor vehicle accident with Appellee/Meyer, their respective vehicles colliding in an intersection in Oklahoma City on a Saturday night in May, 1991. Appellant's 1983 vehicle was totaled. At trial four years later, Appellant testified that he had no physical symptoms until the morning following the accident at which time he experienced pain and stiffness on his left side, especially in the shoulder area. He obtained a prescription for Naprosyn, an analgesic, anti-inflammatory drug. On Wednesday following the accident he left Oklahoma City where he had been attending graduate school to drive back to his home in New Jersey. He arrived in New Jersey on Friday. The following Monday (nine days

after the accident), he saw a doctor who diagnosed a strain and sprain of the left shoulder and trapezius muscle. The doctor recommended that he continue taking Naprosyn and prescribed a course of physical therapy. Appellant received physical therapy for approximately three months. His medical bills totaling $3,445.00 were admitted into evidence without objection. His medical records were also admitted into evidence. Appellant described his pain as sharp in the beginning then decreasing to a dull pain. At trial, almost four years after the accident, he said he still experiences occasional shoulder pain.

Appellant was his only witness at trial. When he rested Appellees demurred to the evidence on the grounds that Appellant was required to present expert medical testimony to establish that his injuries were caused by the accident. The demurrer was sustained.

The case law in Oklahoma is in some conflict on this issue. At least three cases support the Appellee's position. In *Clark v. Woolley*, 355 P.2d 864 (Okla.1960), the plaintiff testified to having a "crick" in her neck after the accident. The next day she was hospitalized where she remained for over three weeks. None of her doctors testified. The court found her physical detriment and disabilities would not necessarily arise out of her accident or result from the jolt she received. They held it to be "... obvious that the injuries ... she received in said accident are such as to require expert medical testimony to determine their cause, nature and extent." Id. at 868.

In another automobile accident case plaintiff claimed his arms swelled and his right arm had pain when he used it. He said he used a heating pad the night following the accident, took pain pills and had an x-ray taken of his arm. It was held that these injuries were such as to require expert testimony to determine their cause, nature and extent. *Bryan v. Hough*, 365 P.2d 124 (Okla. 1961).

In *Howard v. Mansell*, 430 P.2d 9 (Okla. 1967), plaintiff sued for loss of consortium as a result of his wife being injured in an automobile accident. Neither wife nor her doctor testified. Plaintiff, however, testified that his wife had been hospitalized for a short time following the accident, wore a neck brace and did not perform all of her normal duties as a wife and mother. It was held that the cause and extent of her injuries were questions of science since the injuries were not obvious to persons uneducated in medicine. Id. at 10.

Other cases have more specifically held that where injuries are subjective, damages for *future pain and suffering, future medical expense and permanent injury* must be established by expert testimony. E.g. *Shawnee–Tecumseh Traction Co. v. Griggs* 50 Okla. 566, 151 P. 230 (1915) (future pain and suffering); *Edwards v. Chandler*, 308 P.2d 295 (Okla.1957) (future pain and suffering and permanent injury); *Pine v. Rogers*, 182 Okla. 276, 77 P.2d 542 (1938) (permanent disability); *Maples v. Bryce*, 429 P.2d 741 (Okla.1967) (future pain and suffering and permanent injury); *Reed v. Scott*, 820 P.2d 445 (Okla.1991) (future pain and suffering, permanent injury and future medical expense).

*Reed v. Scott*, our Supreme Court's most recent treatment of this issue, is also the most instructive. The trial court in *Reed*, in a default judgment, awarded plaintiff damages for past and future medical expenses, lost wages, property damage, past and future pain and suffering and permanent injuries for her two broken toes. There was no expert testimony in support of these damages. The Supreme Court held that the reasonable certainty of future pain and suffering, permanent injury and future medical expense must be established by expert medical testimony. Id. at 449–450. Regarding the other damages the Court stated: "We find no fault with that part of the judgment adjudicating liability and fixing recovery in those amounts [for past medical expenses, lost wages and property damage]." Id. at 447. Damages had been awarded in one amount for the past and future pain and suffering and· permanent injury. The court found the plaintiff's own testimony competent to support an award for past pain and suffering, but not for future pain and suffering or permanent injury.

▪ It has long been the law that where injuries are of a character that medical experts are required to determine the cause and extent of those injuries, the question is one of science to be established by the testimony of skilled professionals. E.g. *Matchen v. McGahey*, 455 P.2d 52, Syllabus by the Court no. 3 (Okla.1969); *Williams v. Safeway Stores, Inc.*, 515 P.2d 223, 227 (Okla.1973). But it is no longer the law that the mere fact an injury is subjective necessarily means expert testimony is required to prove the injury's cause. As *Reed v. Scott* teaches, even subjective injuries may be of a character that expert medical testimony is not necessary to prove the causal connection between the accident, injury, pain and suffering, medical treatment and expense. In other words, a plaintiff may, under appropriate circumstances, establish a *prima facie* case for past medical expense and pain and suffering without the necessity of a medical expert.

▪ In the instant case, there was nothing about the accident, Appellant's injuries and his treatment that were of such a character that made expert testimony necessary to prove the nature, cause and extent thereof. As noted above, Appellant was symptomatic the morning following the accident. He was seen by a doctor that day and was prescribed medication. Upon arrival at his home in New Jersey several days later he sought additional medical care and underwent a course of physical therapy. The medical records identify the injury he was being treated for as that which occurred in the automobile accident on May 11, 1991.

The record is unclear whether at trial Appellant was seeking anything more than past medical expenses and past pain and suffering. If he was seeking damages for future medical, future pain and suffering, and/or disability, he would have needed expert medical testimony in support of these claims. A demurrer to such claims would have been properly sustained. Sustaining the demurrer, however, for past pain and suffering and past medical expense was error. Appellant's evidence established a *prima facie* case for those items of damage.

The judgment appealed from is reversed and this cause is accordingly remanded for retrial.

REVERSED AND REMANDED.

GARRETT, J., and ADAMS, V.C.J., concur.