**Dean F. REED, d/b/a Dean F. Reed Cattle Co., Appellant,**

v.

**Jacqueline R. SCOTT, Appellee.**

No. 74750.

Supreme Court of Oklahoma.

Nov. 5, 1991.

D.D. Hayes, Bonds, Matthews, Bonds & Hayes, Muskogee, for appellant.

Stephen J. Scherer, Mayes & Scherer, Inc., Muskogee, for appellee.

SUMMERS, Justice:

Scott claimed she was stepped on by Reed's cow and sued for injuries to her foot. Reed, perhaps underestimating the consequences, ignored the summons. Scott took judgment by default for the amount of the prayer in her petition. When she attempted to collect the judgment by garnishing Reed's bank account, Reed got a lawyer who timely sought to set aside the judgment under 12 O.S.1981 §§ 1031, 1033. The trial judge declined to vacate and the Court of Appeals affirmed. Now on certiorari we confront this question: Can a default judgment for personal injuries including future medical expenses, future pain and suffering, and permanent disability be upheld in the absence of some evidence from a skilled medical practitioner? We hold it can not under the facts of this case, and reverse the judgment in part.

Plaintiff Scott's petition alleged negligence in allowing the cow to escape and in the efforts of defendant Reed's employees to capture the cow. The trial court awarded her judgment for $600.00 in medical expenses, $300.00 for lost wages, and $45.00 for damages to her yard and fence. We find no fault with that part of the judgment adjudicating liability and fixing recovery in those amounts. The problem is with the rest of it—that part awarding $1,000.00 for future medical expenses and $50,000.00 for pain and suffering, past *and future*, and for *permanent* injuries.

Defendant Reed, once he became aware of the seriousness of the suit, had filed a petition to vacate the judgment, claiming the cow was not his, that the petition failed to state a cause of action, and that the court had insufficient evidence upon which to base its ruling. The trial court conducted a hearing on the petition to vacate. Witnesses were heard, but the court found that the failure to defend was the result of Scott's own neglect. We must review the lower court's decision not to vacate by the "abuse of discretion" standard, *Midkiff v.*

*Luckey*, 412 P.2d 175 (Okl.1966). Finding no such abuse, we do not disturb the adjudication of liability. Nor do we disturb the awards for past medical bills, lost wages, and property damage. The award of damages for future pain and suffering, future medical bills, and permanent injuries, however, presents a problem.

█ A court's judgment must be based upon the three well known jurisdictional elements: personal jurisdiction, subject matter jurisdiction, and jurisdiction to render the particular judgment. *La Bellman v. Gleason & Sanders, Inc.*, 418 P.2d 949, 953 (Okl.1966). In *La Bellman* we reviewed the action of the trial court in declining to vacate a default judgment. We found that the judgment roll, on its face, revealed that a portion of the default judgment was beyond the issues framed by the pleadings, and that the trial court lacked the power to render a part of the particular default judgment. *Id.* 418 P.2d at 953–954.

█ We have explained that when the face of the judgment roll shows a judgment on the pleadings without evidence as to the amount of unliquidated damages then that judgment is void. *Tippins v. Turben*, 162 Okl. 136, 19 P.2d 605, 606 (1933), *overruled in part on other grounds, American Bank of Commerce v. Chavis*, 651 P.2d 1321, 1324 (Okl.1982). We explained that such a judgment was void because the face of the judgment roll lacked one of the three well known elements of jurisdiction, power to render the particular judgment. 19 P.2d at 606–607. This result was required because a statute, later codified at 12 O.S.1981 § 306,[1] stated that allegations as to amount of unliquidated damages are not considered as true by a failure to controvert them. We later explained that 12 O.S.1961 §§ 306 and 1031 were construed as were their Kansas counterparts, and that awarding unliquidated damages in actions (other than on express and implied contracts) without the introduction of evidence to support such award made the

---

**1.** Repealed by Laws 1984, c. 164, § 32, ef. Nov. 1, 1984. Section 306 stated in part: " * * * Allegations of value, or of amount of damages, shall not be considered as true, by failure to

controvert them; but this shall not apply to the amount claimed in an action on contract, express or implied, for the recovery of money only."

award voidable for an irregularity in obtaining a judgment.[2] *Joe Hodges Transp. Corp. v. Coffman,* 465 P.2d 472 (Okl.1970).

Although § 306 was repealed in 1984 the Oklahoma Pleading Code now provides: "Averments in a pleading to which a responsive pleading is required, other than those to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided." 12 O.S.Supp.1987 § 2008(D). The Comment to this paragraph states in part: "Subsection D of Section 2008 is identical to Federal Rule of Civil Procedure 8(d) and has the same effect as former Okla.Stat. tit. 12, § 306 (1981)." Okla.Stat.Ann. tit. 12, Committee Comment to § 2008 (West 1992).

■ Federal case-law supports this Comment. In *Dundee Cement Co. v. Howard Pipe & Concrete Prod.,* 722 F.2d 1319, 1323 (7th Cir.1983) the court explained the federal rule involved:

Although upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered are ordinarily not. See *Pope v. United States,* 323 U.S. 1, 65 S.Ct. 16, 89 L.Ed. 3 (1944); *Geddes v. United Financial Group,* 559 F.2d 557 (9th Cir.1977). A judgment by default may not be entered without a hearing on damages unless, as in Counts I, II, and IV of this complaint, the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits. *United Artists Corp. v. Freeman,* 605 F.2d 854, 857 (5th Cir.1979); see also *Geddes v. United Financial Group, supra,* 559 F.2d 557; *Eisler v. Stritzler,* 535 F.2d 148 (1st Cir.1976); *Magette v. Daily Post,* 535 F.2d 856 (3d Cir.1976); *Flaks v. Koegel,* 504 F.2d 702 (2d Cir.1974); 6 Moore's Federal Practice ¶ 55.07 (2d ed. 1983).

*The federal jurisprudence, like our own, first under § 306 and now under § 2008(D), requires the production of proof as to the amount of unliquidated damages before rendition of a default judgment.*

■ The default judgment before us is not void on the face of the judgment roll, as was the judgment in *Tippins v. Turben, supra.* The judgment in this case recites that the court "heard all the evidence and oral testimony of witnesses sworn and examined in open court" prior to rendition of the judgment. The evidence offered in support of the default judgment was the testimony of the plaintiff. No documentary evidence was introduced and no record of the testimony exists. However, the record in the proceeding to vacate the default judgment shows that the evidence offered for the default judgment was not competent to show future suffering, future medical expenses and permanent injuries. The plaintiff's lack of medical expertise does not appear from the face of the judgment roll, but is shown by the record made in attempting to vacate the judgment. A judgment regular on the face of the judgment roll, but which by extrinsic evidence is shown to be invalid, is voidable. *Kolp v. State ex rel. Commissioners of the Land Office,* 312 P.2d 483 (Okl.1957). This includes a jurisdictional defect shown by evidence outside the record; statutory relief under § 1031 is then available on the basis of irregularity in obtaining the judgment. See *Mobley v. State ex rel. Comr's. of Land Office,* 198 Okl. 250, 177 P.2d 503, 506 (1947).

■ In *Shawnee–Tecumseh Traction Co. v. Griggs,* 50 Okl. 566, 151 P. 230, 231 (1915) we said:

There are two rules by which the question of future pain and suffering may be submitted to the jury: If the injury is objective, and it is plainly apparent, from the very nature of the injury, that the injured person must of necessity undergo pain and suffering in the future, then

---

**2.** 12 O.S.1981 § 1031 (third) provides for vacation of a judgment in the event of "irregularity in obtaining a judgment."

most certainly the plaintiff would not be required to prove a fact so plainly evident, and upon making proof of such an objective injury the jury may infer pain and suffering in the future.... Where the injury is subjective, and of such a nature that laymen cannot, with reasonable certainty, know whether or not there will be future pain and suffering, then, in order to warrant an instruction on that point, and to authorize a jury to return a verdict for future pain and suffering, there must be offered evidence by expert witnesses, learned in human anatomy, who can testify, either from a personal examination or knowledge of the history of the case, or from a hypothetical question based on the facts, that the plaintiff, with reasonable certainty, may be expected to experience future pain and suffering, as a result of the injury proven.

We have followed this principle in either allowing or disallowing lay testimony to support awards for future pain and suffering and the permanency of personal injuries. See *Edwards v. Chandler,* 308 P.2d 295 (Okl.1957) wherein we explained that we had followed the rule of *Shawnee–Tecumseh Traction Co. v. Griggs, supra,* in several cases.

Clearly, a non-expert may testify as to an objective fact. In *Rogers v. Sells,* 178 Okl. 103, 61 P.2d 1018, 1020 (1936), this court said:

A lay witness may testify to an objective fact; he certainly has the right to use his senses the same as an expert witness. He can see a broken bone; he can tell whether it sticks through the skin or whether it doesn't; he can see whether there is any discoloration or not; whether there is any bleeding, and most certainly, this boy was competent to testify that he could wiggle his toes and evidently the jury believed him.

We have followed this principle in other cases. *Barnett v. Richardson,* 415 P.2d 987, 990 (Okl.1966); *Boxberger v. Martin,* 552 P.2d 370, 374 (Okl.1976).

The relevant inquiry in the present case as to the need for expert evidence to show future pain and suffering is whether "it is plainly apparent from the nature of the injury, that the injured person must of necessity undergo pain and suffering in the future...." *Edwards v. Chandler,* 308 P.2d at 297. This inquiry, like that of the permanency of the injury, is dependent on the nature of the injury. *Id.* 308 P.2d at 298–299. See also 115 A.L.R. 1149 for the necessity of expert evidence for showing permanent injury and future pain and suffering.

■ The plaintiff's personal injury was two broken toes. A fracture of a bone may require expert testimony as to whether such injury is permanent. *Jones v. Sechtem,* 131 Okl. 155, 268 P. 201 (1928). Later in *Edwards v. Chandler, supra,* we observed that the fracture of an arm or member *may* be an objective injury not requiring expert testimony. *Id.* 308 P.2d at 299. In *St. John's Hospital & School of Nursing v. Chapman,* 434 P.2d 160 (Okl.1967) the court observed that the x-ray films of the fracture plainly showed a permanent misalignment. *Id.* 434 P.2d at 175–176. One factor considered in determining whether the injury is objective, eliminating need for expert evidence, is the duration of the effects of the injury. *See East Texas Motor Frt. Lines v. Freeman,* 289 Ark. 539, 713 S.W.2d 456, 460 (1986), (approximately three and one-half years); *Royston v. Factor,* 1 Conn.App. 576, 474 A.2d 108, 109 (1984), (two years); *CeBuzz, Inc. v. Sniderman,* 171 Colo. 246, 466 P.2d 457, 461 (1970), (three and one-half years); *American Marietta Co., Inc. v. Griffin,* 203 A.2d 710, 712 (D.C.App.1964), (almost three years); *Sours v. Goodrich,* 674 P.2d 995, 996 (Colo.App.1983), (over three years). In our case the injury occurred on June 12, 1988 and the judgment was rendered on November 3, 1988. Five months is an insufficient amount of time for an injured person without medical training to offer a competent opinion on the likelihood of future pain, the need for future medical treatment, or the permanence of the injury of the type in this case. We hold that whether plaintiff's injuries will result, with a reasonable certainty, in future pain and suffering, permanent injury, and future

medical expenses, is not within the competency of the plaintiff to so testify.

The trial court awarded the plaintiff $50,000 for permanent injury and pain and suffering, past and future. Her testimony *was* competent to support an award for *past* pain and suffering. How much of the $50,000 is attributable to future pain and suffering and permanent injury, however, cannot be determined from the record. Thus, the award for past pain and suffering is not severable from the award for future pain and suffering and permanent injury. See *Guinn v. Church of Christ of Collinsville*, 775 P.2d 766 (Okl.1989). The $50,000.00 part of the judgment, together with the $1,000.00 for future medical expenses, must be set aside as not being supported by competent evidence.

However, a partially invalid judgment is voidable only as to the offending part when such is severable. *Kolp v. State ex rel. Commissioners of the Land Office*, 312 P.2d 483 (Okl.1957), (judgment voidable as to excess in calculating the amount). *See also La Bellman v. Gleason & Sanders, Inc.*, 418 P.2d 949 (Okl.1966). There is nothing improper in the award for past medical expenses, lost wages, and property damage. The district court is directed to vacate the award as to the $1,000 for future medical expenses and as to the $50,000 for pain and suffering, past and future, and permanent injuries. Since part of the judgment here is severable, that part thereof awarding $600.00 for past medical expenses, $300.00 for lost wages and $45.00 for property damages is affirmed. The opinion of the Court of Appeals is vacated. The lower court may proceed on the portions of Scott's suit remaining unadjudicated.

LAVENDER, DOOLIN, HARGRAVE and ALMA WILSON, JJ., concur.

HODGES, V.C.J., and KAUGER, J., concur in part; dissent in part.

OPALA, C.J., and SIMMS, J., dissent.