2013 OK CIV APP 97

SIT, SL, Plaintiff/Appellee,

v.

TULSA TURBINE ENGINES AND AIRCRAFT, LLC, Gary C. Sherrill and Tracey G. Sherrill, Defendants/Appellants.

No. 110740.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 10, 2013.

Eric R. Schelin, Frederic Dorwart, Lawyers, Tulsa, Oklahoma, for Plaintiff/Appellee.

John M. Dunn, The Law Offices of John M. Dunn, PLLC, Tulsa, Oklahoma, for Defendants/Appellants.

JANE P. WISEMAN, Judge.

¶ 1 In this action seeking recovery for breach of contract and for tortious conduct arising from the asserted breach, Defendants Tulsa Turbine Engines and Aircraft, LLC, (TTEA) and Gary and Tracey Sherrill seek review of the trial court's denial of their motion to vacate a default judgment entered against them. After review of the record and applicable law, we affirm in part and reverse in part and remand for further proceedings.

## BACKGROUND

¶ 2 Plaintiff SIT, SL brought suit against Defendants on November 4, 2011, alleging that pursuant to a contract with TTEA, SIT had purchased two aircraft engines from TTEA which turned out to be "worthless." SIT sought damages against TTEA for breach of contract in the amount of $177,855 to repair the two engines plus damages for "lost business opportunities, consequential damages and damage to goodwill." SIT also asserted claims against TTEA for "breach of fiduciary duty," "fraudulent inducement of contract and/or fraudulent representation," "negligen[t] performance of contract," "tortious breach of contract," and "tortious interference with contract and/or prospective pecuniary advantage." SIT sought recovery against Gary and Tracey Sherrill individually based on the theory of "alter ego" and further sought attorney fees and punitive damages against all three Defendants.

¶ 3 Service of summons was issued by certified mail to Defendants—to the Oklahoma Secretary of State as service agent for TTEA, and to the Sherrills individually at an address on South 73rd East Avenue in Tulsa. "Amy Bruce" signed for the TTEA summons, and the two certified mail letters to the Sherrills were returned marked "unclaimed unable to forward" by the U.S. Postal Service. "Jennifer Boomer," presumably an employee in the office of SIT's counsel, mailed the certified letters and stated in her certificate on the returns of summons for the Sherrills filed on December 20, 2011, that the certified mail to them was "refused." Docket sheet entries reflect that the summons by certified mail to Gary Sherrill was not served but was marked "return to sender, unclaimed," and, mistakenly, that the summons

by certified mail to Tracey Sherrill was not served but was "refused."

¶4 On March 16, 2012, counsel for SIT mailed by regular mail to each Defendant a "Notice of Taking Default Judgment" in which SIT asserts that Defendants were each "properly served by certified mail" and had failed to answer or otherwise plead, entitling SIT to a default judgment.[1]

¶5 Defendants retained counsel on March 26, 2012, who telephoned SIT's counsel that day to inform him that he was now representing Defendants in the case. A "limited entry of appearance" was filed by counsel for Defendants the next day, March 27, 2012. Later that day, default judgment against Defendants was entered for damages of $177,-853.87[2] "related to the [e]ngines," damages of $113,094.19 for "loss of business opportunity, consequential damages, and loss to Goodwill [sic ]," plus attorney fees of $6,975 and costs of $255.70 accrued through January 2012, "future attorneys' fees and costs incurred ... after January 2012," and postjudgment interest.

¶6 On April 3, 2012, Defendants filed a motion to vacate the default judgment, and SIT responded on April 19, 2012. On May 2, 2012, the trial court denied the motion to vacate, and Defendants appeal.

## STANDARD OF REVIEW

¶7 We review a trial court's decision that vacates or refuses to vacate a judgment for an abuse of discretion. *Ferguson Enters., Inc. v. H. Webb Enters., Inc.,* 2000 OK 78, ¶5, 13 P.3d 480, 482. "[W]hen the decision is based on an erroneous interpretation of the law, on factual findings that are unsupported by proof, or represents an unreasonable judgment in weighing relevant factors," an abuse of discretion has occurred. *Oklahoma City Zoological Trust v. State ex rel. Pub. Emps. Relations Bd.,* 2007 OK 21, ¶5, 158 P.3d 461, 464.

## ANALYSIS

¶8 Defendants seek to vacate the default judgment pursuant to 12 O.S.2011 § 1031.1, and it is not disputed that the motion to vacate was filed within the 30–day period provided by that section. Section 1031.1(B) provides in part: "On motion of a party made not later than thirty (30) days after a judgment, decree, or appealable order prepared in conformance with Section 696.3 of this title has been filed with the court clerk, the court may correct, open, modify, or vacate the judgment, decree, or appealable order."[3] A trial court addressing a timely motion to vacate a default judgment pursuant to this section has "very wide and extended discretion that is almost unlimited" to vacate such a judgment. *Neumann v. Arrowsmith,* 2007 OK 10, ¶9, 164 P.3d 116, 119.

¶9 In reviewing an order which refuses to vacate a final judgment, "the appellate court's inquiry does not focus on the underlying judgment, but rather on the correctness of the trial court's response to the motion to vacate." *Central Plastics Co. v. Barton Indus., Inc.,* 1991 OK 103, ¶2, 818 P.2d 900, 900. If it is "based on an erroneous interpretation of the law" or on factual findings unsupported by proof, the decision constitutes an abuse of discretion requiring reversal. *Oklahoma City Zoological Trust,* 2007 OK 21 at ¶5, 158 P.3d at 464. In

---

1. SIT in this March 16 notice further states that it had mailed a previous letter by both regular and certified mail to Defendants on December 20, 2011, advising them that it would seek a default judgment against them on January 10, 2012. A copy of the December 20 letter appears in the record (R., 42), but no certified letters, envelopes, or return receipts for these mailings appear in the record. In its response to Defendants' motion to vacate, SIT represents that the December 20 certified letters to the Sherrills were returned "unclaimed."

2. The petition seeks such damages in the amount of $177,855.07. This damages amount in the

judgment appears to be a typographical error resulting arithmetically in a judgment total of $290,948.06, when the correct amount, reflected in the judgment, totals $290,950.06.

3. SIT maintains that Defendants' post-trial motion should be treated as a motion for new trial pursuant to 12 O.S.2011 § 651. The motion expressly invokes § 1031.1, and pursuant to *Horizons, Inc. v. Keo Leasing Co.,* 1984 OK 24, ¶4, 681 P.2d 757, 758–59, we will give it the meaning and effect intended by its contents and substance.

upholding the judgment, the trial court found that the service in question "was sufficient."

### Service on the Sherrills

■ ¶ 10 We conclude that the default judgment entered against the Sherrills is void and must be vacated for lack of valid service of process. Title 12 O.S. Supp.2008 § 2004(C)(2) provides in part: "Service by mail shall be effective on the date of receipt or if refused, on the date of refusal of the summons and petition by the defendant." 12 O.S. Supp.2008 § 2004(C)(2)(a). It further provides: "Service by mail shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing acceptance by the defendant or a returned envelope showing refusal of the process by the defendant." 12 O.S. Supp.2008 § 2004(C)(2)(c). The certified mail envelopes to the Sherrills show they were not refused—they were returned by the U.S. Postal Service marked "unclaimed unable to forward." Failing the statutory test mandated by § 2004(C)(2), any judgment based on this purported service is clearly invalid.

¶ 11 This point was addressed in *Genoff Farms, Inc. v. Seven Oaks South, LLC,* 2011 OK CIV APP 29, 249 P.3d 526, as SIT acknowledged in both its brief to the trial court in response to the motion to vacate and in its appellate brief. As stated in *Genoff,* "[t]hese returned envelopes marked 'unclaimed' do not meet the service of process requirements specified in 12 O.S. Supp. 2008 § 2004." *Id.* at ¶ 22, 249 P.3d at 532. SIT tries to circumnavigate this holding by arguing that SIT "attempted to serve[ ] [the Sherrills] by mail in a manner that was reasonably calculated to reach [the Sherrills] when sent" by subsequently sending them a summons and petition by regular mail and sending them notice of intent to take default judgment, also by regular mail. As we similarly held in *Genoff,* we further conclude that SIT "failed to take other available reasonable steps to give notice to [the Sherrills] when the mailed notices were returned unclaimed." *Id.* at ¶ 23, 249 P.3d at 532. Other than regular mail, SIT does not describe any other attempts to obtain valid service on the Sherrills, such as

personal service by the Tulsa County Sheriff, by a licensed process server, or by a person specially appointed for that purpose, as contemplated by the Legislature in 12 O.S. Supp.2008 § 2004(C)(1)(a). Although SIT argues that the Sherrills "knowingly ... attempt[ed] to evade service," nothing in the record supports this contention.

¶ 12 SIT cites *Shamblin v. Beasley,* 1998 OK 88, 967 P.2d 1200, for the proposition that service is not invalidated by any departure from the method of service prescribed by statute. The Supreme Court was very clear in *Shamblin* in its discussion of the due process standard applicable to service of process:

> Service is not subject to invalidation for *any departure* from the mode prescribed by statute. When it is alleged that there was want of strict compliance with statutory requirements for service, the court must in every case determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice. Notice is a jurisdictional requirement and a *sine qua non* element of due process. The latter notion requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. As the Constitution inexorably commands, no one's rights may be adversely affected in the absence of due and timely notice that affords a full and fair opportunity to defend.

*Id.* at ¶ 12, 967 P.2d at 1209.

■ ¶ 13 We do not view rejection of service by unclaimed certified mail and subsequent regular mail as a "technical infirmity." Attempting to satisfy fundamental due process requirements by regular mail without any other reasonable steps to obtain service by basic statutorily authorized means is not sufficient. We continue to follow the reasoning expressed at some length in *Genoff*—that an attempt to give notice will not be found sufficient if a plaintiff fails to take reasonable and available steps to provide notice. SIT has not established that its sole chosen method of attempted service was "reasonably cal-

culated to apprise [Defendants] of the impending suit." *ABC Drilling Co., Inc. v. Hughes Grp.*, 1980 OK 39, ¶ 13, 609 P.2d 763, 769 (citing *Mullane v. Central Hanover Bank & Trust*, 339 U.S. 306, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950)). There can be many reasons for unclaimed certified mail, and if resort to regular mail is sufficient after one unclaimed certified mailing, then there is little reason for providing other means of obtaining valid, constitutionally sufficient service.[4]

■ ¶ 14 Although not dispositive for due process purposes, 12 O.S. Supp.2008 § 2004(C)(6) also addresses the question of alternative means of service:

6. SERVICE BY OTHER METHODS. If service cannot be made by personal delivery or by mail, a defendant of any class referred to in [§ 2004(C)(1)(c)(1) or (3)] may be served as provided by court order in any manner which is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard.

The Sherrills fall within the class of defendants described in § 2004(C)(1)(c)(1), *i.e.*, individuals "other than an infant who is less than fifteen (15) years of age or an incompetent person," and they could not be served by alternate means unless personal delivery as prescribed by 12 O.S. Supp.2008 § 2004(C)(1) or service by mail as prescribed by 12 O.S. Supp.2008 § 2004(C)(2) could not be made *and* the trial court entered an order permitting such alternate service. This provision allows the trial court the opportunity to review a party's past attempts to comply with standards of due process before authorizing alternate means of service. Neither condition to invoke this statute has been met in this case, and no attempt to comply with

§ 2004(C)(6) is argued or shown in the record.[5]

¶ 15 The default judgment against the Sherrills cannot be upheld and was properly subject to vacation pursuant to 12 O.S.2011 § 1031.1.

### Service on TTEA

■ ¶ 16 TTEA claims that SIT's service on it as a corporation "rests on the naked service on the Secretary of State" and does not comply with the requirements of 12 O.S. Supp.2008 § 2004(C)(4). This section provides in part:

a. Service of process on a domestic or foreign corporation may be made by serving the Secretary of State as the corporation's agent, if:

(1) there is no registered agent for the corporation listed in the records of the Secretary of State; or

(2) neither the registered agent nor an officer of the corporation could be found at the registered office of the corporation, when service of process was attempted.

b. Before resorting to service on the Secretary of State the plaintiff must have attempted service either in person or by mail on the corporation at:

(1) the corporation's last-known address shown on the records of the Franchise Tax Division of the Oklahoma Tax Commission, if any is listed there; and

(2) the corporation's last-known address shown on the records of the Secretary of State, if any is listed there; and

(3) the corporation's last address known to the plaintiff.

If any of these addresses are the same, the plaintiff is not required to attempt service more than once at any address. The plain-

---

4. A more fundamental, practical problem specific to service by regular mail is that there is no determinate date on which service can be said to have been made, making calculation of the answer date problematic. This question as to regular mail, for obvious reasons, is not addressed in § 2004, unlike personal delivery service, service by certified mail, service by publication, and service on the Secretary of State. 12 O.S. Supp. 2008 § 2004(C)(1), (2), (3), & (4).

5. SIT states both to the trial court and on appeal that the Sherrills as managing agents of TTEA "received notice of the claim" on behalf of the company when TTEA was served. There is no citation to the record, nor do we see anything in the record, to support this proposition.

tiff shall furnish the Secretary of State with a certified copy of the return or returns showing the attempted service.

SIT counters that TTEA was served by certified mail sent to and received by its registered service agent, the Oklahoma Secretary of State, pursuant to 12 O.S. Supp.2008 § 2004(C)(1)(c)(3), which provides in part:

> c. Service shall be made as follows:
>
> . . .
>
> (3) Upon a domestic or foreign corporation or upon a partnership or other unincorporated association which is subject to suit under a common name, by delivering a copy of the summons and of the petition to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant,

The summons by certified mail sent to TTEA is addressed to TTEA "c/o Registered Agent/Secretary of State/2300 North Lincoln Blvd., Suite 101/Oklahoma City, OK 73105." The signed return receipt green card for this mail is addressed to TTEA, "Registered Agent/c/o Secretary of State/2300 North Lincoln Blvd., Suite 101/Oklahoma City, OK 73105–4897." TTEA does not dispute that the summons was received by the Secretary of State's office—it contends that SIT did not comply with 12 O.S. Supp.2008 § 2004(C)(4) thus invalidating the service. Although the certified mail documents are the only evidence in this record of TTEA's registered service agent, TTEA does not deny that the Secretary of State is TTEA's registered agent and does not assert or submit evidence that any other person or entity was TTEA's registered agent at the time in question. As the appellant, it is TTEA's burden on appeal to produce a sufficient record to demonstrate error. Without such a showing, we will presume, not that such error occurred, but that such error did not occur. *Pracht v. Oklahoma State Bank*, 1979 OK 43, ¶ 5, 592 P.2d 976, 977.

¶ 17 In the absence of a record showing otherwise, we conclude that SIT complied with 12 O.S. Supp.2008 § 2004(C)(1)(c)(3) by serving TTEA's registered agent, the Secretary of State, and we reject TTEA's contention that compliance with § 2004(C)(4) was required. We affirm the trial court's finding that service on TTEA was proper. This, however, does not end our inquiry.

¶ 18 The Supreme Court has delineated the following factors in reviewing a trial court's decision to vacate or not to vacate a default judgment:

> 1) default judgments are not favored; 2) vacation of a default judgment is different from vacation of a judgment where the parties have had at least one opportunity to be heard on the merits; 3) judicial discretion to vacate a default judgment should always be exercised so as to promote the ends of justice; 4) a much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not.

*Ferguson Enters., Inc. v. H. Webb Enters., Inc.*, 2000 OK 78, ¶ 5, 13 P.3d 480, 482. The Court has also considered "whether substantial hardship would result from granting or refusing to grant the motion to vacate." *Id.*

■ ¶ 19 " '[T]he approach to a consideration of the vacating of a default judgment must necessarily differ from the vacation of a judgment where the parties have had at least one opportunity to present the case on its merits.' " *Midkiff v. Luckey*, 1966 OK 49, ¶ 7, 412 P.2d 175, 177 (quoting *Haskell v. Cutler*, 1940 OK 485, ¶ 8, 188 Okla. 239, 108 P.2d 146, 147). The Supreme Court has emphasized that " '[l]itigated questions should be tried on their merits.' " *Id.* at ¶ 6, 412 P.2d at 176 (quoting *State Life Ins. Co. v. Liddell*, 1936 OK 662, ¶ 0, 178 Okla. 114, 61 P.2d 1075, 1075)(syl. no. 2 by the Court).

■ ¶ 20 In deciding whether to grant a motion to vacate a default judgment, "[t]rial courts should also consider ... whether vacation could be granted without substantial delay or injustice, and whether allowing the default judgment to stand would work a serious injustice." *St. John Med. Ctr. v. Brown*, 2005 OK CIV APP 101, ¶ 10, 125 P.3d 700, 702 (citing *Burroughs v. Bob Martin Corp.*, 1975 OK 80, ¶ 15, 536 P.2d 339, 341).

¶ 21 Although filed the same day, the default judgment in this case was entered after counsel for Defendants had filed an entry of appearance, thus invoking Rule 10 of the Rules for District Courts:

> In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default....

Rule 10, Rules for District Courts, 12 O.S. 2011, ch. 2, app. There is no representation in the record that SIT knew of the entry of appearance before the judgment was entered, and due to the proximity in time of filing, it would probably not have appeared on the docket sheet before the default was granted. This does, however, constitute a factor to be considered by the court in exercising its discretion as to whether to vacate the judgment. The timing proximity of these two filings also favors granting vacation of the judgment in order to comply with Rule 10, and vacating the judgment would not result in substantial delay or injustice, there having been less than a week between the entry of judgment and the filing of Defendants' motion to vacate. "Trial courts should also consider ... whether vacation could be granted without substantial delay or injustice, and whether allowing the default judgment to stand would work a serious injustice." *St. John Med. Ctr.*, 2005 OK CIV APP 101 at ¶ 10, 125 P.3d at 702 (citing *Burroughs*, 1975 OK 80 at ¶ 15, 536 P.2d at 341).

¶ 22 Because judicial discretion should always be exercised in promoting the ends of justice, *Ferguson Enters., Inc.*, 2000 OK 78 at ¶ 5, 13 P.3d at 482, allowing serious deficiencies in this judgment to stand would not promote such ends. SIT took judgment for $177,853.87 as set forth in its petition "for damages related to the Engines" and for $113,094.19 "for damages resulting from loss of business opportunity, consequential damages, and loss to Goodwill [*sic*]." There is

no judgment for breach of contract; judgment is entered only for "the negligent or intentional acts and/or omissions of Defendants" for which damages totaling $290,950.06 were awarded. The judgment states that SIT is entitled to default judgment because Defendants failed to respond to the petition and "Defendants are deemed to have confessed the allegations contained in the Petition." There is no recitation that the court heard or considered any evidence, either testimonial or documentary, in support of the damages awarded.

¶ 23 The Supreme Court explained that the Oklahoma Pleading Code provision found at 12 O.S. § 2008(D) [6] is identical to Federal Rule of Civil Procedure 8(d) and that our jurisprudence, like federal jurisprudence, "requires the production of proof as to the amount of unliquidated damages before rendition of a default judgment." *Reed v. Scott*, 1991 OK 113, ¶ 7, 820 P.2d 445, 448 (emphasis omitted). The Supreme Court cited its previous holding in *Tippins v. Turben*, 1933 OK 154, 162 Okla. 136, 19 P.2d 605, *overruled on other grounds by American Bank of Commerce v. Chavis*, 1982 OK 66, 651 P.2d 1321, to reiterate that when the face of the judgment roll shows a judgment on the pleadings has been entered without evidence as to the amount of unliquidated damages, then that judgment is void for lack of jurisdictional power to render the particular judgment. *Reed*, 1991 OK 113 at ¶ 5, 820 P.2d at 447. The Court acknowledged that the result in *Tippins* was based on a statute which had been codified at 12 O.S.1981 § 306 (and later repealed in 1984) which stated that "allegations as to amount of unliquidated damages are not considered as true by a failure to controvert them." *Reed*, 1991 OK 113 at ¶ 5, 820 P.2d at 447. Although § 306 had been repealed, the Court in *Reed* found § 2008(D) of the Pleading Code was identical to Federal Rule of Civil Procedure 8(d) and had the same effect as § 306. *Id.* at ¶ 6, 820 P.2d at 448.

¶ 24 The Supreme Court confirmed in *State ex rel. Oklahoma Bar Association v.*

---

6. Section 2008(D) provides, "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading." 12 O.S.2001 § 2008(D).

*Todd,* 1992 OK 81, ¶ 15, 833 P.2d 260, 266, that "[w]e have held it is error to render a default judgment upon a petition claiming damages without hearing evidence upon which to assess damages," citing 12 O.S. § 688[7] and 12 O.S. § 2008(D). In a case involving a refusal to vacate a small claims default judgment for conversion entered without proof of damages, the Court of Civil Appeals relied on the Supreme Court's determination that a trial court is precluded "from judgmentally assessing damages without first hearing justifying foundation proof." *Graves v. Walters,* 1975 OK CIV APP 20, ¶ 2, 534 P.2d 702, 703. Based on this jurisprudence, the trial court lacked the jurisdiction to assess the damages stated in this default judgment without hearing and considering evidence to support those damages.

¶ 25 On a final note, the judgment finds that SIT is entitled to "any attorneys' fees incurred [after January 2012]" and "any costs incurred thereafter." We know of no authority, nor is any cited, entitling a party to all attorney fees and costs incurred in the future. With few exceptions, Oklahoma follows the "American Rule," and fees and costs are allowable strictly as a matter of contract or statute[8] and cannot be awarded as a matter of carte blanche.

¶ 26 In summary, the following factors favor vacating the judgment: (1) default judgments are not favored; (2) there has been no opportunity to be heard on the merits of the case; (3) no showing has been made that vacating the judgment will result in any substantial delay or injustice to the non-moving party; (4) the case had not progressed far and was not quite five months old when the motion to vacate was filed; (5) a "much stronger showing of abuse of discretion must be made where a judgment has been set aside than where it has not" (*Fergu-*

*son Enters., Inc.,* 2000 OK 78 at ¶ 5, 13 P.3d at 482); (6) due to infirmities in the judgment, allowing the default to stand would work a serious injustice (*St. John Med. Ctr.,* 2005 OK CIV APP 101 at ¶ 10, 125 P.3d at 702 (citing *Burroughs,* 1975 OK 80 at ¶ 15, 536 P.2d at 341)); (7) the trial court lacked jurisdiction to award damages without evidentiary proof; and (8) the trial court's "almost unlimited" discretion to vacate a judgment was invoked pursuant to 12 O.S.2011 § 1031.1 (*Neumann v. Arrowsmith,* 2007 OK 10, ¶ 9, 164 P.3d 116, 119).[9]

¶ 27 Having examined and considered the relevant factors, we conclude that it was an abuse of discretion to refuse to vacate the default judgment entered against Defendants.

## CONCLUSION

¶ 28 After reviewing the trial court's decision under the standard applicable to Defendants' request for relief, we affirm the trial court's conclusion that service on TTEA was proper, but reverse its finding that the Sherrills were properly served. We further hold it was an abuse of discretion to deny Defendants' motion to vacate the default judgment; this decision is therefore reversed, and the case is remanded for further proceedings.

¶ 29 **AFFIRMED IN PART, REVERSED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.**

BARNES, V.C.J., and FISCHER, P.J., concur.

---

7. Section 688 states, "If the taking of an account, or the proof of a fact, or the assessment of damages[] be necessary to enable the court to pronounce judgment upon a failure to answer, ... the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages...." 12 O.S.2011 § 688.

8. Neither the petition nor the judgment cites any authority for the award of attorney fees on SIT's claims.

9. We note that the Supreme Court on more than one occasion has "been more impressed with the need to grant relief to a defaulting litigant than the lower court believed the party deserved." *Burroughs v. Bob Martin Corp.,* 1975 OK 80, ¶ 13, 536 P.2d 339, 341 and *State ex rel. Oklahoma Bar Ass'n v. Lobaugh,* 1988 OK 144, ¶ 13, 781 P.2d 806, 810.