OSCN Found Document:PHIL BOEVERS ENTERPRISES v. BECK

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 PHIL BOEVERS ENTERPRISES v. BECK
2024 OK CIV APP 14
Case Number: 121053
Decided: 11/09/2023
Mandate Issued: 05/02/2024
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II

Cite as: 2024 OK CIV APP 14, __ P.3d __

 

PHIL BOEVERS ENTERPRISES, INC., an Oklahoma corporation, Plaintiff/Appellant,
v.
GABRIELLA BECK, an individual, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF
CANADIAN COUNTY, OKLAHOMA

HONORABLE PAUL HESSE, TRIAL JUDGE

AFFIRMED

Gideon A. Lincecum, EDINGER LEONARD & BLAKLEY PLLC, Oklahoma City, Oklahoma, for Plaintiff/Appellant

Bill Molinsky, LYTLE, SOULE & FELTY, Oklahoma City, Oklahoma, for Defendant/Appellee

JANE P. WISEMAN, PRESIDING JUDGE:

¶1 Plaintiff Phil Boevers Enterprises, Inc., appeals the trial court's orders vacating a default judgment against Defendant Gabriella Beck and vacating a judgment against Garnishee Allstate Fire and Casualty Company. After review, we affirm.

FACTS AND PROCEDURAL BACKGROUND

¶2 The genesis of this lawsuit is a vehicular collision on October 30, 2021, between a vehicle owned by Plaintiff and driven by one of its employees and a vehicle driven by Defendant Beck. The Piedmont Police Department investigated the accident and ultimately found Defendant caused the collision. In its petition filed February 25, 2022, and served March 24, 2022, Plaintiff alleged that although it attempted to resolve the property damage claims with Defendant's insurer, Allstate, the "insurer acted unreasonably using valuation methods that failed to take into consideration the COVID-19 pandemic's impact on the fair market value of Plaintiff's vehicle and existing inflation leaving Plaintiff no choice but to bring this lawsuit against Defendant." Plaintiff claimed damages from Defendant's negligence totaling $54,710.

¶3 Defendant mailed both her entry of appearance and answer to the court clerk on April 12, 2022, and they were filed on April 18, 2022. Defendant claims her good faith attempts to resolve the case with Plaintiff were rejected and that she used industry standards in valuing Plaintiff's vehicle. She further contends:

Plaintiff is not entitled to a replacement cost of his vehicle involved in the accident. Plaintiff is entitled to the actual cost value of his vehicle which is what Defendant has offered to Plaintiff and which Plaintiff has summarily and without just cause rejected. Similarly, Plaintiff is not entitled to tax, title, and license fees for any new or replacement vehicle he may purchase in the future.

Defendant also states her offer to provide Plaintiff a rental vehicle through Enterprise was rejected. She argues Plaintiff "failed to mitigate his damages to lessen the rental fees he has incurred" and "should not be awarded any out-of-pocket rental costs as he was offered a rental vehicle by Defendant and declined the offer."

¶4 The next day on April 19, 2022, almost simultaneously, Plaintiff filed a motion for default judgment and the default judgment entered that day by the court finding Defendant to be in default. The motion argued Defendant failed to timely answer the petition and "notice of the instant motion has not been given due to Defendant's failure to appear." Plaintiff asked the trial court to award $43,500 plus title, tax and license fees for the loss of the vehicle, $95 per day "for the loss of use of Plaintiff's vehicle from October 30, 2021 (the date of collision), which amount continues to accrue until Plaintiff receives full compensation for the loss of its vehicle" plus reasonable attorney fees and costs. The judgment grants judgment by default against Defendant in conformity with the relief requested in the motion.

¶5 On August 1, 2022, Plaintiff's counsel filed a garnishment affidavit summarizing the total amount of the garnishment citing Allstate Fire and Casualty Insurance Company as the garnishee. A post-judgment garnishment summons was issued that same day directing Allstate to:

answer according to law whether you are indebted to, or have in your possession or under your control, any property belonging to such Defendant, to file your answer with the Clerk of this Court,

. . . . You are further ordered to withhold any such property or indebtedness belonging to such Plaintiff or owing on the date of service of summons, and to pay the amount shown on the answer form . . . .

¶6 On August 2, 2022, Defendant filed a motion to vacate the default judgment. Defendant asserted her due process rights were violated because she never received "a hearing on the default judgment even though she filed an Answer to the Complaint prior to Plaintiff filing its Motion for Default Judgment." Defendant's answer was filed on April 18, 2022, and Plaintiff filed the motion for default judgment on April 19, 2022. Defendant urges that, as a result, Plaintiff was required to provide notice and set a hearing on its motion but failed to do so. Defendant also urges consideration of the email exchange between Plaintiff's counsel and Defense counsel after service of process but before the answer deadline. Plaintiff's counsel knew Defendant was represented by counsel "but wholly failed to make any attempt to contact either Defendant or her counsel prior to filing its [m]otion for [d]efault [j]udgment." Defendant further argued the trial court improperly awarded damages to Plaintiff without a hearing, affidavit or any evidence to support the damages awarded. On April 22, 2022, Defense counsel contacted Plaintiff's counsel by email to see if the default judgment could be set aside by agreed order which Plaintiff's counsel refused. For these reasons, Defendant urged vacation of the default judgment.

¶7 In its response to the motion to vacate filed on September 6, 2022, Plaintiff asserted the motion was filed out-of-time pursuant to 12 O.S. § 1031.1(B). It further argued that Defendant's answer was untimely filed and when the motion for default judgment was filed, Defendant's answer and entry of appearance had not been entered on the OSCN docket sheet until April 19, 2022. Plaintiff does not dispute the pre-default and post-default emails between counsel. Plaintiff argues that given these facts, Defendant was not entitled to notice of the default pursuant to District Court Rule 10 because she had not yet filed an entry of appearance or answer.

¶8 Also on September 6, 2022, Allstate filed its "noncontinuing and general garnishee's answer/affidavit" stating the debtor is not an Allstate employee. It asked Plaintiff to provide the debtor's social security number with a new order so it could properly verify whether she was employed by Allstate.

¶9 On November 9, 2022, the trial court (the trial judge previously assigned to the case) denied Defendant's motion to vacate because it was filed past the time limits specified by 12 O.S. § 1031.1(B).

¶10 On November 14, 2022, Plaintiff filed a motion for order on garnishment asking the trial court to order Allstate "to answer truthfully and pay the insurance proceeds to Plaintiff within seven (7) days." On November 16, 2022, Plaintiff argued, "Allstate failed to answer correctly, within the time allowed, and additionally failed to pay the indebtedness owed." The trial court granted this motion, finding no evidence in the record that Allstate had "properly responded to the Garnishment" and directed Allstate to pay the insurance proceeds to Plaintiff's attorney within seven days.

¶11 On November 18, 2022, Defendant filed a petition to vacate the default judgment pursuant to 12 O.S. § 1031.1(C) and § 1033 arguing that, because Plaintiff never provided notice that it planned to file a motion for default judgment, did not set it for hearing, and did not provide notice of the judgment, the judgment should be vacated.

¶12 On December 5, 2022, Plaintiff filed a motion for order and judgment against Allstate "for failure to pay insurance proceeds on behalf of its insured." That same day, the trial court found Allstate refused to comply with its previous order and stated judgment would "be rendered against it in the principal amount of the judgment against [Defendant], plus costs, upon its failure to pay the insurance proceeds owed Plaintiff on or before December 12, 2022." However, "[a]bsent prompt compliance by Allstate, judgment in the form submitted by Plaintiff shall be entered against Allstate on December 13, 2022, pursuant to 12 O.S. § 1179, for the principal amount of the judgment against its insured, [Defendant], plus costs" as specifically outlined in the order.

¶13 On December 13, 2022, Allstate had failed to pay the insurance proceeds as ordered so the trial court entered judgment in the amount of $86,378.61.

¶14 On December 19, 2022, Plaintiff filed a motion to dismiss the petition to vacate arguing that (1) Defendant improperly mailed the petition to vacate by using USPS first class mail pursuant to 12 O.S. § 1033; (2) Defendant's petition fails to state a claim; (3) "malpractice by Allstate's in-house counsel is an insufficient basis for vacating the judgment against Defendant;" and (4) "Defendant's petition to vacate constitutes fraud on the court."

¶15 On December 22, 2022, Allstate filed a special appearance and motion to vacate arguing the trial court "should vacate the December 5, 2022, judgment for lack of jurisdiction and stay this matter pending resolution of Defendant Beck's petition to vacate." Allstate asserted it is a foreign insurer and "service of process on Allstate can only be effectuated via service on the Oklahoma Insurance Commissioner." Allstate argued it "has not entered a general appearance, nor has it been properly served with process by Plaintiff" and the judgment entered against it is "void for lack of proper service and should be vacated pursuant to 12 O.S. § 1031(3)."

¶16 On January 6, 2023, Defendant filed an objection to Plaintiff's motion to dismiss arguing she was not in default because Oklahoma statutes require answers to be served within 20 days of receipt of the summons and petition pursuant to 12 O.S. § 2012(A) and that service of the pleading is complete upon mailing pursuant to 12 O.S. § 2005. On April 12, 2022, Defendant mailed an entry of appearance and an answer to the court clerk and to Plaintiff's counsel. Defendant asserted her answer was thus timely filed and she was not in default. She further argued Plaintiff failed to provide notice of intent to file a motion for default judgment pursuant to District Court Rule 10. She also contends Plaintiff's motion to dismiss "offers form over substance arguments to support an improperly obtained default judgment." Plaintiff then filed a reply brief to Defendant's response.

¶17 On January 13, 2023, Plaintiff filed a motion to strike the special appearance and motion to vacate judgment against Allstate because Defendant Beck had no standing to seek vacation of the judgment against Allstate because Defendant "is not a party to the judgment against Allstate, nor are [her] rights injuriously affected by the judgment against Allstate." Plaintiff further argues that Defendant's counsel and firm "should be ordered to show cause why they should not be disqualified from further representing Beck or Allstate due to the violation of Rule 1.7 of the Oklahoma Rules of Professional Conduct."

¶18 On January 25, 2023, the trial court (the judge presently assigned to this case) granted Defendant's petition to vacate stating that pursuant to 12 O.S. § 1031(3) it "shall have the power to vacate or modify its own judgments or orders for mistake, neglect, or omission of the clerk or irregularity in obtaining a judgment or order." The trial court determined:

The irregularity in this proceeding is the lack of notice required by district court Rule 10 and the failure to set the motion for default judgment for hearing. Pursuant to 12 O.S. § 1038, proceedings to vacate a judgment pursuant to section 1031(3) must be brought within 3 years of the filing of the judgment. The Defendant has met this requirement. The Court finds that the ends of justice would best be served by allowing the case to be heard on the merits since there has been no showing of hardship to the Plaintiff and because judgments by default are not favored. . . .

Also on January 25, 2023, the trial court in a separate order vacated the December 5, 2022 order against Allstate because the default judgment of April 19, 2022, against Defendant had been vacated, and for the reasons stated in its motion.

¶19 Plaintiff appeals both orders.

STANDARD OF REVIEW

¶20 We review "a district court's order vacating or refusing to vacate a judgment for abuse of discretion." Schweigert v. Schweigert, 2015 OK 20, ¶ 6, 348 P.3d 696. The Schweigert Court explained:

Considerations in our review of an order vacating or refusing to vacate a default are: (1) the rule that default judgments are disfavored, (2) the decision to vacate a default judgment should be exercised so as to promote justice, and (3) refusal to vacate a default judgment requires a stronger showing of abuse of discretion than an order vacating a default judgment.

Id.

ANALYSIS

¶21 Plaintiff in its appellate brief proposes several reasons the trial court abused its discretion in vacating the default judgments against Defendant and Allstate. In response, Defendant first argues that failure to provide notice of the default judgment rendered the judgment void. We agree with Defendant for the reasons that follow.

¶22 We find four important bases for concluding that the trial court properly vacated the judgments against Defendant and Allstate: (1) Defendant was not in default when the judgment was entered; (2) entering a default judgment without providing notice to Defendant violated Rule 10 of the Rules for District Courts (3) a default judgment of this nature cannot be granted without hearing evidence on damages, and (4) because the default judgment against Defendant had been vacated, Plaintiff was no longer entitled to pursue garnishment against Allstate.

I. Defendant Was Not in Default.

¶23 Default judgment was improper because Defendant timely served her answer in accordance with Oklahoma law. Title 12, section 2012(A) states in relevant part:

A. WHEN PRESENTED. 1. Unless a different time is prescribed by law, a defendant shall serve an answer:

a. within twenty (20) days after the service of the summons and petition upon the defendant,
b. within twenty (20) days after the service of the summons and petition upon the defendant, or within the last day for answering if applicable; provided, a defendant may file a reservation of time which shall extend the time to respond twenty (20) days from the last date for answering. The filing of such a reservation of time waives defenses of paragraphs 2, 3, 4, 5, 6, and 9 of subsection B of this section.

12 O.S.2021 § 2012(A)(emphasis added). Pursuant to 12 O.S.2021 § 2005(B), service is complete on mailing:

Except for service of the summons and the original petition, service by mail is complete upon mailing, service by commercial carrier is complete upon delivery to the commercial carrier, and service by electronic means is complete upon transmission, unless the party making service is notified that the copy or paper served was not received by the party served. If the court clerk or a party is required to serve a judgment or other paper by first-class mail, service in accordance with any method permitted by this section is sufficient to comply with such requirement.

(Emphasis added); see also Charles W. Adams and Daniel J. Boudreau, Vernon's Oklahoma Forms 2d (September 2023 Update), 1A Vernon's Okla. Forms 2d, Civ. Proc. Ch. 3 B Introduction (2d ed. 2023)("Defendant must comply with the filing and service requirements of 12 Okla. Stat. Ann. Sec. 2005."); see Garrett v. Gordon, 2013 OK CIV APP 96, ¶ 36, 314 P.3d 264 (service of an amended petition was complete upon mailing pursuant to § 2005(B)).

¶24 Plaintiff served the petition on March 24, 2022, making the answer due 20 days later on April 13, 2022. Pursuant to § 2012(A), Defendant served her answer on Plaintiff's attorney by mail on April 12, 2022. Defense counsel also served an entry of appearance on Plaintiff's counsel at the same time. Pursuant to § 2005(B), the "service by mail [was] complete upon mailing." Both the entry of appearance and answer were filed with the trial court on April 18, 2022. Because the answer was timely served within 20 days after service of the summons and petition, Defendant was not in default and the default judgment was properly vacated.

¶25 Plaintiff argues for the first time in its reply brief that Defendant was in default pursuant to Rule 2(b)(i) of the Rules for District Courts, 12 O.S.2021, ch. 2, app., which states in part:

Defendants, third-party defendants and persons who are joined as parties to an action shall file their responsive pleading with the court clerk and serve copies on all opposing parties within 20 days after being served with process unless the time is extended by the service and filing of a motion or by the entry of an appearance, and they shall serve copies of their responsive pleading promptly thereafter on all other parties to the action.

(Emphasis added.) We decline to consider this argument because "[n]ew arguments may not be raised for the first time in a reply brief." Cox Oklahoma Telecom, LLC v. State ex rel. Oklahoma Corp. Comm'n, 2007 OK 55, ¶ 33, 164 P.3d 150. Even had Plaintiff made this argument in its brief-in-chief, we are constrained by the well-established tenet that "[a] court rule may not contravene a statute and where the rule and the statute are inconsistent, the statute must prevail." In re Milton H., 1980 OK 109, ¶ 7, 614 P.2d 72; see also State ex rel. Oklahoma Bd. of Medical Licensure and Supervision v. Pinaroc, 2002 OK 20, ¶ 12, 46 P.3d 114 ("A court rule cannot contravene a constitutional statute" and "[a] statute must prevail over a conflicting court rule."). We conclude Defendant timely served her answer in compliance with Oklahoma statutes thus making vacation of the default judgment proper.

II. Plaintiff Violated Rule 10 By Failing to Provide Notice of a Hearing on the Default Judgment Motion.

¶26 Even if the answer were untimely filed, default judgment was still inappropriate for failure to provide notice pursuant to Oklahoma District Court Rule 10. This rule provides in part:

In matters in default in which an appearance, general or special, has been made or a motion or pleading has been filed, default shall not be taken until a motion therefore has been filed in the case and five (5) days['] notice of the date of the hearing is mailed or delivered to the attorney of record for the party in default or to the party in default if he is unrepresented or his attorney's address is unknown.

. . . .

Notice of taking default is not required where the defaulting party has not made an appearance.

Oklahoma Dist. Ct. Rule 10 of the Rules for District Courts, 12 O.S.2021, ch. 2, app. "An appearance is any act, including participating in a hearing for a temporary order, which brings the person under the court's jurisdiction." Schweigert v. Schweigert, 2015 OK 20, ¶ 12, 348 P.3d 696. As stated above, Defendant's entry of appearance and answer were mailed on April 12 and filed on April 18, 2022. Twenty-four hours later, on April 19, 2022, Plaintiff filed almost simultaneously the motion for default judgment and the default judgment.

¶27 Perhaps more troubling, Plaintiff's counsel had been in communication with Defense counsel before obtaining the default. Email exchanges on April 6, 2022, between them regarding filing the answer establish Plaintiff's counsel could easily have notified Defense counsel of his intent to seek a default judgment. "When the name and address of a party or attorney is readily available, notice is a prerequisite to valid proceedings." Bailey v. Campbell, 1991 OK 67, ¶ 16, 862 P.2d 461. Because an entry of appearance and answer were served on Plaintiff's counsel and filed with the court before Plaintiff filed its motion for default, Plaintiff was required to provide notice to Defendant pursuant to Rule 10.

¶28 We agree with Defendant that Plaintiff may not rely on the docket sheet to verify whether Defendant filed an entry of appearance or answer in determining whether notice of the motion for default judgment is required. The oscn.net docket sheet attached as an exhibit to Plaintiff's motion for default contains the following disclaimer at the top: "The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper." Just because the court clerk had not entered the documents on OSCN the day they were filed does not alter the law applicable to the facts of this case.

¶29 As the Supreme Court stated in Bailey:

Notice is a jurisdictional requirement and a fundamental element of due process. Due process requires adequate notice, a realistic opportunity to appear and the right to participate in a meaningful manner. The right to be heard is of little value unless a party is apprised of rights which may be affected by judicial process. Due process is violated by the mere act of exercising judicial power upon process not reasonably calculated to apprise interested parties of the pendency of an action.[] Lack of notice constitutes a jurisdictional infirmity.[1] . . . . When, as here, the judgment roll fails to disclose that a party was brought into court by process that is constitutionally due, the judgment rendered in the case is void on the face of the record proper.[2]

Bailey, 1991 OK 67, ¶ 16. Because the default judgment was entered without notice in a case where an entry of appearance and answer appeared of record before the motion for default judgment, the trial court properly vacated the judgment as void on the face of the judgment role.

III. Default Judgment Was Inappropriate Pursuant to 12 O.S. § 688 and 12 O.S. § 2008(D).

¶30 Even if the answer were untimely filed, default judgment was still inappropriate pursuant to 12 O.S. § 688 and 12 O.S. § 2008(D) without first holding a hearing on damages with notice to the opposing party. Section 688 provides:

If the taking of an account, or the proof of a fact, or the assessment of damages, be necessary to enable the court to pronounce judgment upon a failure to answer, or after a decision of an issue of law the court may, with the assent of the party not in default, take the account, hear the proof, or assess the damages; or may, with the like assent, refer the same to a referee or master commissioner, or may direct the same to be ascertained or assessed by a jury. If a jury be ordered, it shall be on or after the day on which the action is set for trial.

12 O.S.2021 § 688. Section 2008(D) states:

Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading. Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided.

12 O.S.2021 § 2008(D)(emphasis added). Citing these statutes, the Oklahoma Supreme Court has determined that "it is error to render a default judgment upon a petition claiming damages without hearing evidence upon which to assess damages." State ex rel. Oklahoma Bar Ass'n v. Todd, 1992 OK 81, ¶ 15, 833 P.2d 260; see also SIT, SL v. Tulsa Turbine Engines and Aircraft, LLC, 2013 OK CIV APP 97, ¶¶ 23-24, 313 P.3d 1035. This Court correctly stated:

In a tort action founded on an unliquidated claim for damages, a defaulting party is deemed to have admitted only plaintiff's right to recover, so that the court is "without authority or power to enter a judgment fixing the amount of recovery in the absence of the introduction of evidence," and if it attempts to do so such judgment "is void and not merely erroneous or voidable."

Graves v. Walters, 1975 OK CIV APP 20, ¶ 2, 534 P.2d 702 (Tippens v. Turben, 1933 OK 154, ¶ 0, 19 P.2d 605 (syl. nos. 1 & 2 by the Court)(overruled in part on other grounds, American Bank of Commerce v. Chavis, 1982 OK 66, 651 P.2d 1321).[3]

¶31 Based on this law, the trial court could not assess damages sought in the petition and enter a default judgment for those damages without first hearing and considering evidence proving those damages, even if tort liability for injury or loss has been established by default or otherwise. It is clear from the undisputed facts surrounding the entry of this default judgment that this judgment was beyond the power of the trial court and wholly void.

IV. Allstate

¶32 Plaintiff also asserts trial court abuse of discretion in vacating the judgment against Allstate "following its failure and refusal to respond to Garnishment and two orders directing Allstate to pay the insurance proceeds on behalf of Defendant."

¶33 We note again that the trial court granted Allstate's motion to vacate the December 5, 2022 judgment finding: "In light of this Court's order this day vacating the judgment by default entered on April 19, 2022, and for the reasons set forth in the Garnishee's motion, the judgment entered on December 5, 2022, is also hereby vacated." We agree. "Any creditor shall be entitled to proceed by garnishment in any court having jurisdiction against any person whom the creditor, in good faith, believes to be indebted to the creditor's debtor or has possession or control of any property belonging to such creditor's debtor." 12 O.S.2021 § 1171(A). Once the default judgment against Defendant was vacated, Plaintiff is no longer a creditor entitled to recover against Allstate by garnishment. When the judgment is vacated, no basis exists for garnishment, and we decline to consider this issue further. The trial court order regarding Allstate is affirmed.

CONCLUSION

¶34 The trial court's approach to deciding whether to vacate default judgments and its understanding of the factors and law to be considered as stated in its orders showed the correct grasp of the issues to be resolved. The court reached the right conclusions citing all the right reasons, and we affirm its orders vacating the default judgment against Defendant Gabriella Beck and the judgment against Garnishee Allstate Fire and Casualty Company. The issues discussed are dispositive, and we will not address any remaining issues on appeal.

¶35 AFFIRMED.

BARNES, V.C.J., and HIXON, J., concur.

FOOTNOTES

[1] "The question of jurisdiction is an issue which is primary and fundamental in each case. This Court must inquire into its own jurisdiction as well as to the jurisdiction of the court from which the appeal is taken, regardless of whether it is raised by the litigants." Bailey v. Campbell, 1991 OK 67, n. 32, 862 P.2d 461.

[2] "A void judgment is one that is void upon the face of the judgment roll." Federal Deposit Ins. Corp. v. Duerksen, 1991 OK CIV APP 39, ¶ 11, 810 P.2d 1308. "The judgment roll has been defined to include the petition, process, return, pleadings, reports, verdicts, orders and all acts and proceedings of the court." Id.

[3] The Oklahoma Supreme Court has long held that '"If the action is in tort, or upon an unliquidated claim or demand, a default admits plaintiff's right to recover, but not the amount to which he is entitled; and therefore further proceedings will be necessary to determine the amount of the judgment.'" St. Louis & S.F.R. Co. v. Zumwalt, 1912 OK 71, ¶ 8, 120 P. 640 (quoted citation omitted). This collision/property damage case clearly falls in this category.

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases

 
Cite
Name
Level

 
1991 OK CIV APP 39, 810 P.2d 1308, 62 OBJ 1807, 
Federal Deposit Ins. Corp. v. Duerksen
Discussed

 
1975 OK CIV APP 20, 534 P.2d 702, 
GRAVES v. WALTERS
Discussed

 
2013 OK CIV APP 96, 314 P.3d 264, 
GARRETT v. GORDON
Discussed

 
2013 OK CIV APP 97, 313 P.3d 1035, 
SIT, SL v. TULSA TURBINE ENGINES AND AIRCRAFT, LLC
Discussed

Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
1992 OK 81, 833 P.2d 260, 63 OBJ 1714, 
State ex rel. Oklahoma Bar Ass'n v. Todd
Discussed

 
1933 OK 154, 19 P.2d 605, 162 Okla. 136, 
TIPPINS et al. v. TURBEN.
Discussed

 
2002 OK 20, 46 P.3d 114, 73 OBJ 907, 
STATE EX. REL. OKLAHOMA BD. OF MEDICAL LICENSURE & SUPERVISION v. PINAROC
Discussed

 
2007 OK 55, 164 P.3d 150, 
COX OKLAHOMA TELECOM, LLC v. STATE ex rel. OKLAHOMA CORPORATION COMM'N.
Discussed

 
2015 OK 20, 348 P.3d 696, 
SCHWEIGERT v. SCHWEIGERT
Discussed at Length

 
1980 OK 109, 614 P.2d 72, 
Milton H., Matter of
Discussed

 
1991 OK 67, 862 P.2d 461, 
Bailey v. Campbell
Discussed at Length

 
1982 OK 66, 651 P.2d 1321, 
American Bank of Commerce v. Chavis
Discussed

 
1912 OK 71, 120 P. 640, 31 Okla. 159, 
ST. LOUIS & S. F. R. CO. v. ZUMWALT
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 688, 
Taking of Account, Proof, or Assessment of Damages
Discussed at Length

 
12 O.S. 1031, 
District Court, Power to Vacate or Modify its Judgments, When
Discussed

 
12 O.S. 1031.1, 
Authorization to Correct, Open, Modify or Vacate Judgments - Time - Notice - Costs
Discussed at Length

 
12 O.S. 1033, 
Proceedings to Vacate or Modify Judgment or Order - Grounds - by Petition - Verification - Summons
Cited

 
12 O.S. 1038, 
Proceedings to Vacate or Modify a Judgment, Decree or Order
Cited

 
12 O.S. 1171, 
Right to Garnishment
Cited

 
12 O.S. 1179, 
Failure of Garnishee to Answer
Cited

 
12 O.S. 2005, 
Service and Filing of Pleadings and Other Papers
Discussed

 
12 O.S. 2008, 
General Rules of Pleading
Discussed at Length

 
12 O.S. 2012, 
Defenses and Objections - When and How Presented - By Pleading or Motion
Discussed

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA